IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANCHEZ, | No. C 05-5064 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| A. P. KANE, Warden, et al., | |
| Respondents. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

In 1991 petitioner pled guilty in the California Superior Court in and for Los Angeles County to kidnap for ransom with use of a firearm and second degree burglary. He was sentenced to prison for life with the possibility of parole plus three years. In 2004 he was denied parole for the fourth time; it is the parole decision he challenges here. The denial was for one year, meaning that he would have another hearing in one year. He alleges that he has exhausted these claims by way of state habeas petitions.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

Petitioner contends that (1) his due process rights were violated when the Board denied parole for the fourth time based on the circumstances of his crime; (2) the refusal to grant parole violated his plea agreement; and (3) the Board's decision was arbitrary, capricious, and not supported by the evidence.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.    RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

**a.    LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of

1 liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the
2 California parole statute does create a liberty interest protected by due process, *see McQuillion*
3 *v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a
4 cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without
5 merit.

### b.  DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2.  PETITIONER'S CLAIMS

#### a.  FOURTH DENIAL OF REVIEW BASED ON CIRCUMSTANCES OF CRIME ("BIGGS CLAIM")

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

///

4

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled.[1] This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, — (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's first issue is a *Biggs* claim, in that he contends that simply using the circumstances of his offense as grounds for denial for the fourth time violates due process, separate from his "some evidence" claim, which is issue three, below.

Petitioner has failed to establish the predicate for his *Biggs* claim. Petitioner's parole was not denied solely because of the circumstances of his offense, but also because of his

---

[1] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

5

failure to "upgrade educationally and vocationally" in prison (Exh. 2 at 28, 54).  And finally, assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a *Biggs* claim.  The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### b.   BREACH OF PLEA AGREEMENT CLAIM

The petition set out only one issue, but the statement of it actually contains several claims, which are addressed in this ruling.  As to the plea bargain issue, petitioner said: "petitioner was convicted by plea agreement with the reasonable understanding that a term would be set upon his eligibility.  That minimum eligible date occurred November 12, 1999, but the Board refused to set a release date . . . ."  This was treated as a separate issue in the order to show cause, but petitioner has provided no evidence whatever to support the contention that his purported "reasonable understanding" was in fact part of the plea agreement.  He thus has failed to establish any breach of the agreement.

The state courts' rejection of petitioner's argument was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

### c.   "SOME EVIDENCE" CLAIM

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128.  The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."  *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

In 1991 petitioner met two strangers in a bar who invited him to help kidnap a man

6

(Exh. 2 at 12-13). Petitioner was armed with a .357 magnum handgun (*id.* at 13); he and the others robbed the victim, beat him, tied him up, and put him in the back of a van (*id.* at 9-10). They demanded a ransom from the victim's family; when contact was made with the kidnappers to pay it, police arrested the perpetrators and rescued the victim (*id.* at 10-12).

The hearing at issue here was thirteen years after the offense, and this was only petitioner's fourth parole hearing. On balance, the circumstances of the offense, especially the casual brutality of it, combined with the evidence mentioned above that petitioner could benefit from further vocational and educational programs, is "some evidence" sufficient to support the result. There was no due process violation.

### d.    OTHER POSSIBLE CLAIMS

The respondent interprets petitioner's claim, which as discussed above was set out as a single complex statement, as contending that the Board was biased against him. Petitioner's contentions that the Board was arbitrary and capricious might be read that way, and the memorandum in support of the petition makes that argument.

The record shows that the Board reviewed the evidence extensively and discussed it with petitioner and his attorney (*id.* at 8-50). The Board's decision explains the facts it relied upon in finding him not suitable for parole (*id.* at 52-55). Both these factors tend to negate the accusation of bias, and petitioner has not provided any evidence that would show otherwise. To the extent petitioner may have intended to claim that his due process rights were violated because the decision-maker was not neutral, that claim is without merit. The state courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly-established Supreme Court authority.

### CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April ___1___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\SANCHEZ064.RUL.wpd

7